**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MISAEL QUINTANA,

    Petitioner - Appellant,

v.

CONNIE GIPSON, Warden,

    Respondent - Appellee.

No. 14-17202

D.C. No. 3:13-cv-05819-CRB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Argued and Submitted October 21, 2015
Stanford, California

Before: PAEZ, MURGUIA, and HURWITZ, Circuit Judges.

California state prisoner Misael Quintana appeals from the district court's

judgment dismissing his 28 U.S.C. § 2254 petition for habeas corpus. We have

jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Quintana seeks relief from his in absentia conviction of aggravated sexual assault of a child under fourteen, in violation of California Penal Code section 269, and four counts of lewd or lascivious conduct on a child by duress, in violation of California Penal Code section 288(b)(1). Quintana contends that insufficient evidence supported the duress finding underlying his convictions, and that his counsel rendered ineffective assistance.[1]

The prosecution presented evidence that Quintana undressed his daughter and induced sexual acts with "a direct or implied threat of . . . retribution" if she reported the abuse, *People v. Cochran*, 126 Cal. Rptr. 2d 416, 420 (Ct. App. 2002)—specifically, by threatening his daughter with the loss of visitation and physical punishment by her mother. Viewing this evidence in the light most favorable to the prosecution, it was not objectively unreasonable for the California Court of Appeal to conclude that there was sufficient evidence from which a rational juror could infer duress and convict Quintana. *See* 28 U.S.C. § 2254; *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Quintana also alleges he received ineffective assistance because counsel failed to obtain and introduce (1) a psychological examination showing that

---

[1] We decline to expand the certificate of appealability to include Quintana's cumulative prejudice argument because Quintana has failed to make a "substantial showing of the denial of a constitutional right" with respect to this claim. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Quintana's personality did not fit the profile of a child molester, (2) favorable character witness testimony, or (3) a polygraph examination.  Even if we assume that counsel's performance fell below the constitutional level of effectiveness, the California court's conclusion that this evidence was not reasonably likely to have changed the outcome of Quintana's trial was neither "contrary to" nor an "unreasonable application of" *Strickland v. Washington*, 466 U.S. 668 (1984), nor was it based on an "unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

The district court's denial of Quintana's petition for habeas corpus is therefore **AFFIRMED**.